*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* A.R. DEAIBES, Minor.

UNPUBLISHED
September 19, 2025
8:52 AM

No. 373328
Wayne Circuit Court
Family Division
LC No. 2022-001383-NA

Before: K. F. KELLY, P.J., and PATEL and FEENEY, JJ.

PER CURIAM.

ARD's father appeals by right the trial court's order returning ARD to the custody of respondent-mother. We affirm.

## I. BACKGROUND

This case arose when respondent-mother was arrested for neglecting ARD. Child Protective Services (CPS) placed ARD with noncustodial father and filed a petition for temporary custody.[1] The trial court authorized the petition and placed ARD with father, finding it was contrary for ARD to reside with respondent-mother. At the adjudication, respondent-mother pleaded no contest to the facts establishing jurisdiction. She was provided a parent-agency treatment plan (PATP), with the goal of reunification.

Respondent-mother initially struggled with fulfilling her PATP, but she eventually completed the PATP and was in full compliance. Petitioner, the Michigan Department of Health and Human Services (DHHS) and the lawyer-guardian ad litem (L-GAL) reported respondent-mother's success, noting she did not pose a threat to ARD and the issues that brought ARD under the trial court's jurisdiction were rectified. The trial court ordered unsupervised and overnight

---

[1] Father and respondent-mother were not married, did not reside together, and did not have a support or custody order for ARD. Respondent-mother had sole custody of ARD. Father's paternity was never legally established, but respondent-mother did not contest it.

parenting time, but father refused to make ARD available, citing various excuses (e.g., his work schedule, illness, or being out of town). The trial court instructed father that he was obligated to follow the court's order. During these proceedings, father initiated separate custody proceedings, but the case was initially dismissed because of this petition.

Father continued to make ARD unavailable for parenting time. Neither DHHS nor CPS could locate ARD. The trial court ordered that ARD be returned to respondent-mother. Father refused to follow the trial court's order, citing concerns over ARD's safety if she was returned, and sought a review of the referee's recommendation. Father also moved for temporary custody, citing concerns over ARD's safety and threats made by respondent-mother.[2]

The trial court determined father violated the court order requiring ARD be returned to respondent-mother. The trial court ordered supervised parenting time for respondent-mother and gave the CPS worker discretion to allow unsupervised parenting time when ARD reacclimated to respondent-mother. In October 2024, DHHS reported ARD was bonding with respondent-mother, and respondent-mother was appropriate during parenting times. Respondent-mother remained in full compliance with her PATP, and her home was deemed safe for ARD. The trial court ordered ARD be returned to respondent-mother over father's objection. This appeal followed.

## II. ORDER FOR RETURN

Father argues the trial court erred when it ordered ARD be returned to respondent-mother. We disagree.

## A. STANDARDS OF REVIEW

"A trial court's factual findings are reviewed for clear error." *In re Benavides*, 334 Mich App 162, 167; 964 NW2d 108 (2020). "A finding is only clearly erroneous if an appellate court 'is left with a definite and firm conviction that a mistake has been made.' " *Id*., quoting *In re Diehl*, 329 Mich App 671, 687; 944 NW2d 180 (2019). "We review de novo the interpretation and application of statutes and court rules." *In re Mason*, 486 Mich 142, 152; 782 NW2d 747 (2010). "Even if an error occurred, this Court will not disturb the trial court's order unless it would be 'inconsistent with substantial justice' to permit the order to stand." *In re Williams*, 333 Mich App 172, 178; 958 NW2d 629 (2020), quoting MCR 2.613(A).

## B. ANALYSIS

Father argues the trial court erred when it ordered ARD be returned to respondent-mother, because: (1) respondent-mother was the reason ARD was removed; (2) ARD was placed with him and thrived; (3) ARD was not safe with respondent-mother; and (4) respondent-mother was in partial compliance with her PTAP.

"The purpose of child protective proceedings is the protection of the child . . . ." *In re Brock*, 442 Mich 101, 107-108; 499 NW2d 752 (1993). "The juvenile code is intended to protect

---

[2] Father filed the motion in both this matter and the custody case.

children from unfit homes rather than to punish their parents." *Id*. at 108. "Child protective proceedings are generally divided into two phases: the adjudicative and the dispositional." *Id*. "[T]he dispositional phase determines what action, if any, will be taken on behalf of the child." *Id*. "Substantial effort is expended to improve the home situation in order to return children to the custody of their parents if at all possible." *Id*.

MCL 712A.19 provides the statutory structure for the dispositional phase and, in relevant part, states:

> (3) Except as otherwise provided in subsection (4), if, in a proceeding under [MCL 712A.2(b)], a child is subject to the court's jurisdiction and removed from his or her home, a review hearing must be held not more than 182 days after the child's removal from his or her home and no later than every 91 days after that for the first year that the child is subject to the court's jurisdiction. . . .
>
> * * *
>
> (6) At a review hearing under subsection (2), (3), or (4), the court shall review on the record all of the following:
>
> (a) Compliance with the case service plan with respect to services provided or offered to the child and the child's parent, guardian, custodian, or nonparent adult if the nonparent adult is required to comply with the case service plan and whether the parent, guardian, custodian, or nonparent adult if the nonparent adult is required to comply with the case service plan has complied with and benefited from those services.
>
> (b) Compliance with the case service plan with respect to parenting time with the child. If parenting time did not occur or was infrequent, the court shall determine why parenting time did not occur or was infrequent.
>
> (c) The extent to which the parent complied with each provision of the case service plan, prior court orders, and an agreement between the parent and the agency.
>
> (d) Likely harm to the child if the child continues to be separated from the child's parent, guardian, or custodian.
>
> (e) Likely harm to the child if the child is returned to the child's parent, guardian, or custodian.
>
> (7) After review of the case service plan, the court shall determine the extent of progress made toward alleviating or mitigating the conditions that caused the child to be placed in foster care or that caused the child to remain in foster care. . . .
>
> (8) At a review hearing under subsection (2), (3), or (4), the court shall determine the continuing necessity and appropriateness of the child's placement and shall order the return of the child to the custody of the parent as provided in this subsection, continue the dispositional order, modify the dispositional order, or enter

a new dispositional order. The court shall order the child returned to the custody of his or her parent if returning the child to his or her parent would not cause a substantial risk of harm to the child.

On appeal, father challenges the trial court's order returning ARD to respondent-mother after a dispositional review. The only authority father cites is MCL 722.23, which provides the best-interest factors for a child during a custody dispute. That statute is not relevant in these child protective proceedings.

We conclude that the trial court did not err when it ordered ARD be reunited with respondent-mother. The purpose of a PATP is to facilitate the return of the child to the parent. *In re Mason*, 486 Mich at 156. DHHS only filed a temporary custody petition, and the goal was always reunification. Although respondent-mother initially struggled to comply with her PATP, she ultimately fully complied and remained in full compliance during the remainder of the dispositional review proceedings despite father's interference. In fact, the trial court noted that respondent-mother effectively completed the PATP twice. DHHS and CPS concurred and stated that they had no concerns regarding ARD's safety while with respondent-mother. Given respondent-mother's successful completion of all tasks required for her reunification with ARD and the safety of her home, the trial court did not err by ordering that ARD be reunited with her. See MCL 712A.19(8) ("[T]he court shall determine the continuing necessity and appropriateness of the child's placement and shall order the return of the child to the custody of the parent as provided in this subsection."). The only difficulties encountered by respondent-mother were father's lack of cooperation and outright interference with her opportunity to demonstrate her ability to successfully engage in parenting time with ARD.

Affirmed.

/s/ Kirsten Frank Kelly
/s/ Sima G. Patel
/s/ Kathleen A. Feeney

-4-